UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK KEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| ARS ACQUISITION HOLDING LLC. ) | |
| d/b/a CONWAY PLUMBING, HEATING AND ) | |
| AIR, LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA and CIGNA, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants ARS Acquisition Holdings, LLC. d/b/a Conway Plumbing, Heating and Air ("ARS") and Life Insurance Company of North America ("LINA")[1], file this Notice of Removal to this Court an action brought against them and currently pending in the Shelby County Circuit Court, bearing Docket No. CT-004451-17, Division IX, and with respect thereto, would show this Court as follows:

---

[1] "Cigna" is not a necessary or proper party to this action and should be dismissed with prejudice. First, "Cigna" is not a corporate entity or even an insurance company. Thus, the Court does not have personal jurisdiction over "Cigna." Second, "Cigna" is not a party to the ERISA life insurance contract at issue and does not pay or administer benefits. To the extent Plaintiff is attempting to bring a claim against "Cigna Corporation," Cigna Corporation merely is making a limited, special appearance at this time, is not submitting to the jurisdiction of the Court, and does not waive its right to argue it should be dismissed for lack of personal jurisdiction, pursuant to Rule 4 of the *Federal Rules of Civil Procedure*. LINA, as the claim administrator in this case, avers that, while it is not admitting liability in this matter, to the extent any entity related to Plaintiff's efforts to seek disability benefits is a proper party, it is the proper party and not "Cigna" or "Cigna Corporation."

**I.**

The above-styled cause was commenced in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, No. CT-004451-17, Division IX, by virtue of a Complaint for Damages ("Complaint") filed by Plaintiff, Mark Key, on October 30, 2017.

ARS Acquisition Holdings, LLC. d/b/a Conway Plumbing, Heating and Air received a copy of Plaintiff's Complaint on or about November 3, 2017.

LINA and/or the State of Tennessee Department of Commerce and Insurance received a copy of Plaintiff's Complaint on or about November 9, 2017. Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint for Damages and the Court file, are attached and made a part of this Notice by reference.

**II.**

Upon information and belief, Plaintiff is a citizen of the State of Tennessee. Complaint, ¶ 1.

**III.**

The Complaint alleges a claim for the alleged nonpayment of short term disability ("STD") insurance benefits to Plaintiff: "Plaintiff had an illness which was both short-term and long-term which received a few benefit payments but was stopped by the Defendant, even though he furnished medical proof of his illness." Complaint ¶ 4. Although not addressed in the Complaint, the STD insurance policy is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Both the STD Policy and the long term disability policy ("LTD") (collectively "Policies") specifically state "This Policy has been issued in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA")." *See* copies of the policies attached as **Exhibit A**. Accordingly, this action is one of a civil nature for damages claimed as a result of an alleged

4832-1953-9541 v1

breach of an ERISA insurance contract. Based on the ERISA nature of the claims alleged by Plaintiff, this Court has original jurisdiction over Plaintiff's action against LINA under the provisions of 28 U.S.C. § 1331.

Specifically, this is an action for STD benefits arising under ERISA. 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the district courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA. The Complaint asserts Plaintiff's rights to recover benefits under the terms of a plan. *See generally* Complaint. It is clear that this action arises under federal law, and this Court has original jurisdiction.

Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are completely preempted by ERISA because they come within the scope of Section 1132(a) are removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Briscoe v. Fine*, 444 F.3d 478, 496-98 (6th Cir. 2006); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). The Supreme Court has emphasized that the "ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 208 (citations omitted). It is well-settled that ERISA's preemption provision is broad, and the Sixth Circuit has noted that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell*, 944 F.2d at 1276 (citations omitted). ERISA has broad preemptive power because

Congress' "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id*. at 208-09.  *Davila* affirms this principle, holding "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id*. at 209.

To determine whether a claim is completely preempted, the Supreme Court has stated "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." "Whether a duty is 'independent' of an ERISA plan, for purposes of the *Davila* rule, does not depend merely on whether the duty nominally arises from a source other than the plan's terms." *Gardner v. Heartland Indus. Partners LP*, 715 F.3d 609, 613 (6th Cir. 2012).

Complete preemption, however, does not have to be readily apparent on the face of a complaint: "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002).  "[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their… claims.'"  *Davila*, 542 U.S. 214; *see also Briscoe*, 444 F.3d at 499.  Neither "can the mere fact that the state cause of action attempts to authorize remedies beyond those

4

authorized by ERISA § 502(a) put the cause of action outside the scope of the ERISA civil enforcement mechanism." *Davila*, 542 U.S. at 214-215.

Plaintiff's claim is completely preempted because Plaintiff seeks STD benefits under the STD Policy, the STD Policy explicitly states it is governed by ERISA, and LINA's actions do not implicate any other independent legal duty.  The requisite federal question exists, as provided in 28 U.S.C. § 1331.

### IV.

The time period within which Defendants are required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired.  Defendants first received notice of the action no earlier than November 3, 2017

### V.

Defendants file herewith a copy of all process, pleadings, and orders served upon all parties to this action.  *See* **Exhibit B**.

### VI.

Notice to the Shelby County Circuit Court, which attaches a duplicate of this Notice of Removal to federal court, is being filed with the Clerk of the Shelby County Circuit Court as required by 28 U.S.C. § 1446(d).  *See* **Exhibit C**.

### VII.

Notice of the filing of this Notice of Removal will be sent to the Plaintiff, the only adverse party, as required by 28 U.S.C. § 1446(d).

### VIII.

The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Tennessee, and, as noted above, this

4832-1953-9541 v1

cause of action is removable to the United States District Court for the Western District of Tennessee.

WHEREFORE, Defendants file this Notice for the purpose of removing this action from the Circuit Court of Shelby County to the United States District Court for the Western District of Tennessee.

        Respectfully submitted,

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, PC**

By:   s/Cameron S. Hill
        Cameron S. Hill, No. 017408
        633 Chestnut Street, Suite 1900
        Chattanooga, TN  37450
        Telephone:  423.209.4160
        Facsimile:  423.752-9545
        Email:  chill@bakerdonelson.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2017, a copy of the foregoing Notice of Removal was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

    Edwin C. Lenow, Esq.
    1415 Madison Avenue
    Memphis, TN  38104

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, PC**

        By:  s/Cameron S. Hill

4832-1953-9541 v1